UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RODERICK SMITH, TIONA BEARD and
EULENE LEWIS as Personal Representative
of XAVIER SMITH, an incapacitated individual

                                       Case No. 05-10012-BC

        Plaintiff,                      Honorable David M. Lawson

v.

THE MICHIGAN DEPARTMENT OF STATE
POLICE, KELLY LAMBERT, and JASEN SACK.

        Defendants.
_____/

## ORDER GRANTING MOTION TO DISMISS BY
## DEFENDANT MICHIGAN DEPARTMENT OF STATE POLICE

This matter is presently before the Court on the motion to dismiss filed by defendant Michigan Department of State Police in this civil rights case. This defendant contends that it is immune from this lawsuit seeking money damages because the plaintiffs' claim is barred by the Eleventh Amendment. The plaintiffs have filed an answer to the motion agreeing that their claim against this defendant may be dismissed but only to the extent that the dismissal is without prejudice and under the condition that they be allowed to amend their complaint to reflect the dismissal. The Court concludes that an action against the state police department cannot be maintained because its Eleventh Amendment immunity has neither been abrogated by Congress nor waived by the State's consent to be sued. Since the motion to dismiss should be granted, there is no reason to dismiss the case against this defendant without prejudice, which would imply that the dismissal would not constitute an adjudication on the merits. Likewise, there is no reason to amend the complaint to delete a claim upon which the Court has ruled. The defendant's motion will be granted.

I.

On February 2, 2005, the plaintiffs, Roderick Smith, Tionia Beard, and Eulene Lewis, filed a nine-count second amended complaint (complaint) on behalf of themselves and Anatol Xaiver Smith, an incapacitated person, alleging that two state police troopers and the Michigan Department of State Police violated their constitutional and state rights when the troopers fired multiple gunshots at them in an effort to detain them.  The plaintiffs were seriously injured and some underwent a number of surgical procedures.  The complaint alleges excessive use of force in violation of the Fourth and Fourteenth Amendments, deprivation of life, health, and physical and emotional well-being, cruel and unusual punishment in violation of Eighth Amendment, and conspiracy to violate these rights under 42 U.S.C. §§ 1983, 1985, 1986 (count one); violation of the same rights against the individual defendants (count two); intentional infliction of emotional distress in violation of state law (count three); negligent hiring against the state police department in violation of state law (count four); assault and battery against all defendants in violation of state law (count five); malicious prosecution (count six); false imprisonment (count seven); false arrest (count eight); and a claim for costs, disbursements, and attorneys fees (count nine).  The plaintiffs seek damages as compensation for their injuries.  The defendant Michigan Department of State Police has filed a motion to dismiss, as noted above, to which the plaintiffs have responded.

II.

The Eleventh Amendment bars civil rights actions in federal court brought against States and state employees in their official capacities.  *Will v. Michigan Depart. of State Police,* 491 U.S. 58 (1989); *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).   A State may not be sued for damages in federal court unless Congress has clearly and unequivocally abrogated the State's Eleventh

-2-

Amendment immunity.  *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984). "In general, '[s]tate governments and entities that can be considered arms of the state are immune from suits for money damages under the Eleventh Amendment.'" *Rodgers v. Banks*, 344 F.3d 587, 594 (6th Cir. 2003) (quoting *Alkire v. Irving*, 330 F.3d 802, 814 (6th Cir. 2003)).

There is no suggestion that Congress has abrogated Michigan's Eleventh Amendment immunity for claims such as those in this case, or that the State of Michigan has consented to be sued by the plaintiffs.  Therefore, the plaintiffs' damage claims against the state police department may not proceed.  The plaintiff, however, is not precluded from bringing an action against individual state police officers in their individual capacities for constitutional violations allegedly perpetrated while acting under the color of state law.  *Ibid.*

The plaintiffs do not seriously contest these propositions or the suggestion that the complaint against the institutional defendant should be dismissed.  However, they seek an order dismissing their claims against the state police department without prejudice.  Such an order would imply that the dismissal would not operate as an adjudication on the merits.  *See Re/Max Intern., Inc. v. Realty One, Inc.*, 271 F.3d 633, 641 n.4 (6th Cir. 2001).  The Court finds no basis to refrain from adjudication of the defendant's motion; likewise the plaintiffs have offered no sound reason why it should not be granted on the basis of the grounds advanced.  Moreover, the plaintiffs' state tort law claims against this defendant are barred because the State has not waived sovereign immunity. *See* Mich. Comp. Laws § 691.1407(1) (identifying enumerated exceptions to sovereign immunity as (1) defective public highway; (2) negligent operation of a government owned motor vehicle, (3) defective public building; and (4) operation of a proprietary function).  The plaintiffs do not contend

-3-

that any of these exceptions is applicable.  Since the Eleventh Amendment and sovereign immunity are complete defenses to the damage claims, dismissal on the merits is appropriate.

The plaintiffs further seek additional time to amend their complaint to reflect the dismissal of the state police department. Federal Rule of Civil Procedure 15(a) provides that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party." Typically, "leave shall be given where justice so requires," because cases "should be tried on their merits rather than the technicalities of the pleadings." *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986) (per curiam).  The district court, however, need not act as a rubber stamp when a party files a motion.  "A motion to amend a complaint should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).  The Court finds no basis to allow an amendment to delete a claim that the Court has adjudicated; such an amendment is futile and serves no purpose.  The Michigan Department of State Police, upon its dismissal from the lawsuit, will no longer be a part of the litigation and need not be named in the caption.

III.

The Court finds that defendant Michigan Department of State Police is immune from suit in the context of this case.

Accordingly, it is **ORDERED** that the defendant's motion to dismiss [dkt # 10] is **GRANTED**.

It is further **ORDERED** that the plaintiffs' request to amend their complaint further is **DENIED**.

-4-

It is further **ORDERED** that the second amended complaint is **DISMISSED WITH PREJUDICE** as to defendant Michigan Department of State only.


s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: May 27, 2005

<div style="border:1px solid black; padding:10px;">

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 27, 2005.

s/Tracy A. Jacobs
TRACY A. JACOBS

</div>